# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEE PRICE  # A66320, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-1368-SMY |
| | ) |
| DEANNA M. BROOKHART, | ) |
| C/O OCHS, | ) |
| AMY BURLE, and | ) |
| L. HARTLEROAD, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Lee Price is currently incarcerated at Lawrence Correctional Center ("Lawrence"). He originally filed this civil rights action on June 26, 2019 (*Price v. Brookhart, et al.,* Case No. 19-cv-689-NJR). After screening the Amended Complaint, the Court severed his claims. (Doc. 1). This case pertains to Counts 2 and 3 of the Amended Complaint:

> **Count 2 -** Deanna Brookhart, C/O Ochs, and Amy Burle improperly handled Plaintiff's grievances and failed to properly investigate his claims of sexual assault in violation of the First, Eighth, and Fourteenth Amendments.
>
> **Count 3 -** L. Hartleroad was deliberately indifferent to Plaintiff's mental health needs when she informed internal affairs of Plaintiff's statements to her in violation of the Eighth Amendment.

Plaintiff's claims are now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune from such relief, must be dismissed.

1

§ 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

The relevant allegations are detailed in the Severance Order (Doc. 1) and are incorporated herein by reference. The Court will discuss specific allegations as necessary in analyzing Plaintiff's claims below.

### Count 2

Count 2 does not state a claim upon which relief may be granted. Plaintiff claims that Ochs, Brookhart and Burle did not adequately investigate or respond to his grievance regarding the findings of the PREA investigation. The denial of a grievance – standing alone – is not enough to violate the United States Constitution. *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance."). Similarly, an alleged failure to follow the prison system's grievance procedures does not state a federal constitutional claim. *Id.* This includes failure to adequately investigate an assault after the fact, as there is no constitutional right to an investigation or prosecution. *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002).

Plaintiff alleges no personal involvement by Brookhart, Ochs or Burle beyond the denial of his grievances. As such, Count 2 will be dismissed.

### Count 3

Plaintiff also fails to state a claim as to Hartleroad for failing or refusing to provide appropriate mental health care. Plaintiff alleges Hartleroad told other prison officials what he said during a counseling session (that he should have killed the inmate who assaulted him) and

that this led to disciplinary sanctions against him. (Doc. 2, p. 15). He claims that this was a violation of his right to medical privacy. (Doc. 2, p. 24). These allegations do not state a constitutional claim for deliberate indifference to Plaintiff's serious medical needs. Plaintiff does not claim that he was denied adequate treatment or that it was delayed, and the Seventh Circuit Appellate Court has yet to decide whether the Fourteenth Amendment guarantees a right to medical privacy for prisoners. *Franklin v. McCaughtry*, 110 F. App'x 715, 719 (7th Cir. 2004). Prisoners "at best have very limited privacy rights." *Id*. at 718. Even in those circuits where such a right is recognized, it "is subject to substantial restrictions and limitations in order for correctional officials to achieve legitimate correctional goals and maintain institutional security." *Doe v. Delie*, 257 F.3d 309, 317 (3d Cir. 2001). Here, Hartleroad is alleged to have disclosed what was deemed a threat to another inmate. Even assuming a Fourteenth Amendment right to privacy, it would not extend to threats to another inmate made in the course of mental health treatment. Plaintiff has therefore failed to state a claim against Hartleroad, and Count 3 will be dismissed.[1]

**Disposition**

For the foregoing reasons, Plaintiff's Amended Complaint (Doc. 2) is **DISMISSED** without prejudice for failure to state a claim. Counts 2 and 3 were asserted for the first time in the Amended Complaint in the original case. Therefore, Plaintiff will be given an opportunity to amend them. Should Plaintiff wish to proceed with his case, he shall file a Second Amended Complaint on or before April 16, 2020. It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. He should label the pleading "Second Amended Complaint" and include Case Number 19-cv-1368-SMY.

---

[1] Plaintiff also refers to a "right to medical privacy act" at Doc. 2, p. 24. This is presumably a reference to the Health Insurance Portability and Accountability Act ("HIPAA"), but there is no private right of action for violation of HIPAA's confidentiality requirements. *Stewart v. Parkview Hosp.,* 940 F.3d 1013, 1015 (7th Cir. 2019).

The amended complaint should conform to the designation of claims into the Counts enumerated by the Court in this Order. Plaintiff shall identify by name or Doe designation, each Defendant alleged to be liable under each Count, as well as the actions alleged to have been taken by that Defendant. New individual Defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces the prior complaint, rendering the prior complaint void. See *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the Second Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading. Should the Second Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any relevant exhibits he wishes the Court to consider along with the Second Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after completion of the § 1915A review of the Second Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is DIRECTED to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is ADVISED that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

4

independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: March 16, 2020**

/s/ Staci M. Yandle
**STACI M. YANDLE**
**U.S. District Judge**