IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEE PRICE  # A66320, | ) |
| | ) |
|                        Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 19-cv-1368-SMY |
| | ) |
| DEANNA M. BROOKHART, | ) |
| | ) |
|                        Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This case is before the Court for screening of Plaintiff's Amended Complaint (Doc. 16) and Motion for Temporary Restraining Order (Doc. 17). Plaintiff Lee Price is currently incarcerated at Lawrence Correctional Center. He originally filed a civil rights action in *Price v. Brookhart, et al.,* Case No. 19-cv-689-NJR. The Court severed his claims and the severed claims were dismissed for failure to state a claim. (Docs. 1,11). Plaintiff subsequently filed a Second Amended Complaint in this severed case (Doc. 16) in which he has narrowed and altered his claim to the following and seeks monetary damages:

      **Count 1:**      Eighth Amendment claim against Deanna Brookhart for failure to protect Plaintiff from sexual assault by another inmate.[1]

Plaintiff's claims are now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks money

---

[1] Plaintiff appears to assert his claim against Brookhart in both her individual and official capacities. (Doc. 16, p. 29).

1

damages from a defendant who by law is immune from such relief, must be dismissed. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Second Amended Complaint

Plaintiff makes the following allegations in the Second Amended Complaint (Doc. 16): Defendant Brookhart, after becoming Warden of Lawrence, issued an order that all transgender, homosexual, disabled or vulnerable inmates who were housed singly were to be given a cellmate. (*Id.*, pp. 6, 34). If any such inmate refused a cellmate, they were to be placed in a crisis cell or issued a disciplinary ticket for refusing a direct order. (*Id.*). Plaintiff is over 60 with several medical issues. He does not allege that he had been single-celled prior to the order. (*Id.*, p. 31).

On March 14, 2019, Plaintiff was moved to a new cell pursuant to "Warden['s] Orders." (*Id.*, p. 6). Plaintiff's new cellmate was homosexual. (*Id.*). Plaintiff did not know his cellmate was homosexual and was not told. (*Id.*). The new cellmate also had a history of sexual assault, which resulted in him being single-celled for the previous six months. (*Id.*). On March 24, 2019, Plaintiff was sexually assaulted by his cellmate on March 24, 2019. (*Id.*).

## Discussion

Prison officials "have a duty to protect inmates from violent assaults by other inmates. They incur liability for the breach of that duty when they were aware of a substantial risk of serious injury to [an inmate] but nevertheless failed to take appropriate steps to protect him from a known danger." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 669 (7th Cir. 2012) (quotations omitted). Here, to invoke individual liability, Plaintiff must allege Brookhart promulgated an unconstitutional policy with notice that it would pose "a substantial risk of serious harm" to Plaintiff. *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002). As the Seventh Circuit has

explained, if an official places "a prisoner in a cell that has a cobra, but they do not know that there is a cobra there (or even that there is a high probability that there is a cobra there), they are not guilty of deliberate indifference even if they should have known about the risk, that is, even if they were negligent – even grossly negligent or even reckless in the tort sense – in failing to know." *Billman v. Indiana Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995).

Plaintiff's claim rests on Brookhart's promulgation of the overall policy that led to him being celled with his alleged assailant.  He does not allege Brookhart was personally involved in the selection of his cellmate.  Nor does he plead any facts to suggest that Brookhart's alleged order pertained to known sexual predators or that she had notice the order posed a substantial risk of sexual assault for Plaintiff or any inmate.  Plaintiff makes much of the fact that his cellmate was large, black and homosexual, while he is relatively small, white and heterosexual.  While the order allegedly ended single-celling for homosexuals, housing a homosexual inmate with a heterosexual inmate does not in and of itself constitute a "substantial risk of serious harm."  As such, Plaintiff has failed to state a claim against Brookhart in her individual capacity.

An official capacity suit is another way of pleading an action against an entity of which the officer is an agent.  *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) and *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690 n. 55 (1978)).  To prevail on an official capacity claim, a plaintiff must point to: "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express [official] policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority." *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008).  A plaintiff must also

plead facts sufficient to demonstrate the entity, "through its deliberate conduct, ... was the 'moving force' behind the injury alleged." *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 404 (1997) (emphasis omitted).

Plaintiff has adequately alleged that Brookhart's order was the moving force behind his injury. However, because Plaintiff seeks monetary damages, his claim is barred by the Eleventh Amendment. *See Brown v. Budz*, 398 F.3d 904, 918 (7th Cir. 2005) (holding that prisoner's claim for money damages against IDOC officials acting in their official capacity was "barred by the Eleventh Amendment"); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) ("The Department of Corrections is immune from suit by virtue of the Eleventh Amendment."). As such, the official capacity claim must be dismissed. 28 U.S.C. § 1915A(b)(2).

## Motion for Temporary Restraining Order

Plaintiff seeks a temporary restraining order ("TRO") and preliminary injunction ordering his transfer. (Doc. 17). While Plaintiff seeks only monetary relief for Brookhart's alleged failure to protect him from sexual assault in the Second Amended Complaint, the basis of his Motion is that he is currently being retaliated against by staff for filing lawsuits. This allegation and Plaintiff's request for injunctive relief is a separate matter beyond the scope of this case. Accordingly, Plaintiff's Motion is **DENIED**.

## Disposition

For the foregoing reasons, Plaintiff's Second Amended Complaint (Doc. 16) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. Plaintiff is **GRANTED** leave to file a Third Amended Complaint on or before **October 9, 2020**. The Third Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Should Plaintiff file a Third Amended Complaint, it is strongly recommended that he use

the civil rights complaint form designed for use in this District. He should label the form "Third Amended Complaint" and use the case number for this action (No. 19-cv-1368-SMY). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (A successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Thus, the Court will not accept piecemeal amendments to the original Complaint – the Third Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider.

If Plaintiff fails to file a Third Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal will count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C.

5

§ 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  September 8, 2020**

/s/ Staci M. Yandle
**STACI M. YANDLE**
**U.S. District Judge**