IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEE PRICE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 19-cv-1368-DWD |
| | ) |
| DEANNA M. BROOKHART and | ) |
| GLADYSE TAYLOR, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This case is before the Court for screening of Plaintiff Lee Price's Third Amended Complaint (Doc. 20). Price is currently incarcerated at Danville Correctional Center. He originally filed a civil rights action in *Price v. Brookhart, et al.*, Case No. 19-cv-689-NJR. The Court severed his claims and the severed claims were dismissed for failure to state a claim (Docs. 1 and 11). Price subsequently filed a Second Amended Complaint which narrowed and altered his claims, but that Complaint was also dismissed for failure to state a claim (Docs. 16 and 18). He has now filed a Third Amended Complaint which seeks to clarify his claims in his Second Amended Complaint and adds an additional Defendant. He again seeks to proceed on the following claim:

**Count 1:** Eighth Amendment claim against Deanna Brookhart and Gladyse Taylor for failure to protect Plaintiff from sexual assault by another inmate.[1]

This case is now before the Court for preliminary review of the Third Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Third Amended Complaint

Price makes the same allegations in his Third Amended Complaint as he did in his Second Amended Complaint (Doc. 16).[2] Brookhart, after becoming Warden of Lawrence, issued an order that all inmates who were housed singly were to be given a cellmate, regardless of whether they were transgender, homosexual, disabled, or considered vulnerable (Doc. 20, p. 6). If an inmate refused, they were to be placed in a crisis cell or issued a disciplinary ticket (*Id.*). Price is over 60, straight, and suffers from several medical conditions (*Id.* at pp. 10-11).

---

[1] Additionally, Price indicates that he wishes to bring a Fourteenth Amendment Equal Protection claim against Brookhart, but other than indicating he was "denied equal protection" he provides no factual allegations suggesting such claim. He does not allege that he was a member of a protected class nor does he allege that he was singled out and treated differently from others similarly situated. *See Brunson v. Murray*, 843 F.3d 698, 705 (7th Cir. 2016); *Forgue v. City of Chicago*, 873 F.3d 962, 968 (7th Cir. 2017); *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005).

[2] The Court summarized the allegations in the Second Amended Complaint in its Order dismissing that Complaint (Doc. 18).

On March 14, 2019, he was moved to a new cell pursuant to "Warden Orders" (*Id.* at p. 6). Price's new cellmate was homosexual although Price did not know that at the time (*Id.*). The new cellmate had a history of sexual assault. Many staff and inmates that Price talked to knew of his cellmate's history. On March 24, 2019, Price was sexually assaulted by his cellmate (*Id.*).

Price alleges that Brookhart is responsible in both her individual and official capacity because she is the supervisor who appoints employees to implement department policies (*Id.* at p. 9). According to Price, her policy is also in violation of a settlement agreement in *Rasho v. Walker,* Case No. 07-cv-1298-MMM (C.D. Ill) ("*Rasho*") (pertaining to mental health treatment for inmates in IDOC custody who are "seriously mentally ill"). Price indicates that the difference between he and his cellmate, including physical ability, backgrounds, sexual preferences, racial, and mental differences should have prohibited Price's placement with the cellmate who sexually assaulted him (*Id.* at pp. 9-10). Both staff and inmates that Price spoke with knew of his cellmate's sexual preference and past sexual conduct (*Id.* at p. 10). Both Brookhart and Taylor denied Price's grievances and he believes that Brookhart sought to sidestep the issues in her grievance response (*Id.*).

## Discussion

The Court first notes that Gladyse Taylor is not listed as a defendant in the caption of Price's Third Amended Complaint (Doc. 20). The Court will not treat parties not in the case caption as defendants. *See Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005). Thus, the Court does not consider Taylor to be a proper defendant at this time.

As previously stated by the Court in reviewing Price's Second Amended Complaint, prison officials "have a duty to protect inmates from violent assaults by other inmates. They incur liability for the breach of that duty when they were aware of a substantial risk of serious injury to [an inmate] but nevertheless failed to take appropriate steps to protect him from a known danger." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 669 (7th Cir. 2012) (quotations omitted). Here, to invoke individual liability, Price must allege Brookhart promulgated an unconstitutional policy with notice that it would pose "a substantial risk of serious harm" to Price. *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002). A policy of random cellmate assignments is not in and of itself deliberate indifference in violation of the Constitution. *See Ramos v. Hamblin,* 840 F.3d 442 (7th Cir. 2016). But, as the Seventh Circuit has explained, if an official places "a prisoner in a cell that has a cobra, but they do not know that there is a cobra there (or even that there is a high probability that there is a cobra there), they are not guilty of deliberate indifference even if they should have known about the risk, that is, even if they were negligent – even grossly negligent or even reckless in the tort sense – in failing to know." *Billman v. Indiana Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995).

Price again fails to state a claim. He again fails to allege that Brookhart was personally involved in the selection of his cellmate. Nor does he plead any facts to suggest that Brookhart's alleged order pertained to known sexual predators or that she had notice the order posed a substantial risk of sexual assault for Price or any inmate. Although he alleges that other inmates and staff that he talked to had knowledge of his attacker's past and preferences, he does not allege that Brookhart was aware. He only alleges that she is

4

responsible because she supervised employees who implemented the policy and were aware of his past. But Brookhart cannot be held liable on this basis because *respondeat superior*, or supervisory, liability is not recognized under Section 1983. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Nor can she be held liable for simply denying Price's grievances. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Finally, Price argues that Brookhart's policy violated the terms of the settlement in *Rasho*. But to the extent that Price raises issues with the enforcement of that settlement, such claims should be brought in the Central District of Illinois, where that case was litigated. *See Rasho v. Walker*, Case No. 07-1298, 2018 WL 2392847, *6 (C.D. Ill., May 25, 2018) (stating that the "Settlement Agreement allows for the Plaintiffs to seek relief from this Court if there is a dispute as to whether or not the Defendants are in substantial compliance."). Thus, Price fails to state a claim against Brookhart in her individual capacity in Count 1.

As to the official capacity claim against Brookhart, the Court previously found that Price adequately alleged a claim but because he only sought monetary damages, his claim was barred by the Eleventh Amendment (Doc. 18, p. 4). Price now seeks injunctive relief in the form of a policy change that would allow one-man cell assignments for inmates who are over a certain age or particularly vulnerable. In fact, it appears he now only seeks injunctive relief (Doc. 20, p. 7). But Price is no longer housed at Lawrence Correctional Center nor has he alleged that he is likely to be transferred back to Lawrence and face the

possibility of being double-celled. Thus, his official capacity claim for injunctive relief is now moot. *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief...become[s] moot."). Accordingly, his official capacity claim is dismissed.

This is Price's third attempt at submitting a complaint that could state a claim. He failed to do so. The Court finds that any additional amendment would be futile. Accordingly, the Third Amended Complaint, along with this action, will be **DISMISSED with prejudice**. *See Agnew v. NCAA*, 683 F.3d 328, 347 (7th Cir. 2012); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011); *Garcia v. City of Chicago, Ill.*, 24 F.3d 966, 970 (7th Cir. 1994).

## Disposition

Accordingly, Price's Third Amended Complaint (Doc. 20) is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted**.** This shall count as a "strike" for purposes of 28 U.S.C. 1915(g).

If Price wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). If Price does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(1)(C). A

proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 30, 2021**

_____
**DAVID W. DUGAN**
**U.S. District Judge**